IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 17-333 |
| | ) | |
| ROBERT A. ORTENSIE; PREWITT | ) | |
| AND SON TRUCKING COMPANY; | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants designated as Robert A. Ortensie and Prewitt and Son Trucking Company, by and through its undersigned counsel, file their Notice of Removal hereby removing the foregoing cause to the United States District Court for the Southern District of Alabama, Southern Division, and respectfully shows unto this Honorable Court as follows:

## I.   THIS COURT HAS DIVERSITY JURISDICTION OVER THIS MATTER.

This action was commenced in the Circuit Court of Escambia County, Alabama, on June 22, 2017, and is now pending in that Court.  A copy of the Summons and Complaint and all pleadings filed to date in state court in this matter are attached hereto as Exhibit "A."

**A.    THE PARTIES ARE OF DIVERSE CITIZENSHIP.**

1.     Upon information and belief, plaintiff Anthony Thompson is a resident citizen of the state of Alabama.  (*Complaint*, ¶1).

2.     The Defendant Robert A. Ortensie is a resident citizen of the State of Indiana. (*Complaint*, ¶2).

3.     The Defendant Prewitt and Son Trucking Company (hereinsafter "Prewitt") is a corporation organized, existing and incorporated under the laws of the State of Kentucky with its principal place of business in the Sate of Kentucky and, as such, is a citizen of the State of Kentucky.  (*Complaint*, ¶3).

4.     This action involves a controversy between a citizen of the State of Alabama, on the one hand, a citizen of the State of Indiana, and a citizen of the State of Kentucky on the other hand, and is wholly between citizens of different states and the controversy between the parties can be fully determined in this case.  No change in citizenship of the parties to this action has occurred since the commencement of this suit.

**B.    THE MINIMUM AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.**

5.     The amount in controversy in this action exceeds the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs.

6.     The Plaintiff alleges that on September 22, 2016, Defendant Robert Ortesie was operating a commercial truck on Interstate 65 in Escambia County, Alabama, in a southbound direction; that at all times relevant to this action, Defendant Robert Ortensie was an employee of Defendant Prewitt; Defendant Robert Ortensie failed to yield, failed

to maintain an appropriate distance from the truck driven by the Plaintiff, failed to keep a proper lookout while driving, or otherwise failed to reasonably and appropriately operate his vehicle, causing his vehicle to collide with the rear of the trailer being pulled by Plaintiff; that Defendant Robert Ortesie was wanton in his operation of the truck on September 22, 2016; that Mr. Thompson suffered bodily injuries; he suffered physical pain and suffering and will continue to suffer physical pain in the future; he was required to seek medical treatment; he has incurred medical expenses and will continue to incur medical expenses in the future; and he has otherwise been injured or damages.

7.     Plaintiff seeks to recover an unspecified and unlimited amount of compensatory and a separate amount of punitive damages for his severe and permanent injuries.  "Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases."  *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

8.     In fact, the Plaintiff did not even attempt to limit the amount of his total claim for damages.  Facing a similar situation, the court in *Steele v. Underwriters Adjusting Co.*, 649 F. Supp. 1414 (M.D. Ala. 1986), was confronted with the removal of a state court complaint seeking unspecified punitive damages and demanding "judgment against the defendants in the [sic] amount to be fairly ascertained by the jury."  *Id.* at 1415.  The *Steele* court rejected plaintiff's belated argument that the amount in controversy was less than $50,000 (now $75,000) recognizing in such cases that a court "may turn to the petition for removal

to ascertain the amount in controversy."  *Id.* at 1416.  The Court's reasoning in *Steele* is

equally applicable here:

> To allow [a plaintiff to avoid federal jurisdiction by claiming unspecified damages] would violate this court's notions of procedural fair play.  A plaintiff **should not be allowed to deprive a defendant of his right to remove through artful pleading practices . . . .**
>
> The plaintiff should not be allowed to rob Underwriters of its right to remove by demanding such damages as may be "fairly ascertained by the jury." Permitting such practice allows the Plaintiff to "have his cake and eat it too." In other words, the Plaintiff effectively prevents federal jurisdiction by failing to demand a specific monetary figure, while making it possible for the jury to return a verdict well in excess of [the statutory amount].  Such an approach is simply unfair and will not be permitted by this court.

*Id.* at 1415-16 (emphasis supplied).

9.     The Complaint does not set forth the amount of damages claimed.  However,

"[a]n indeterminate complaint does not show that the cause is not removable . . . [i]t simply

does not comment on federal jurisdiction."  *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572,

574 (S.D. Ala. 1986).  In such cases where the amount of damages is not set forth, the Court

has the "duty to independently determine the propriety of jurisdiction."  *Id.* at 575.

10.     Further, while the allegations of the Complaint do not specify an amount of

damages, it is apparent from the Complaint that Plaintiff seeks recovery of an amount in

excess of $75,000, exclusive of interest and costs.  Plaintiff's Complaint asserts state law

claims of negligence and/or wantonness, injuries and damages.  Plaintiff demands

damages for compensatory and a separate amount for punitive damages.  (*See* Complaint

at Relief Sought.)  Defendants deny the allegations of Plaintiff's Complaint and deny they

are liable for any damages to Plaintiff.  Nonetheless, in evaluating whether diversity

jurisdiction for the purposes of removal, the Court need only look to what amount is "in

controversy."  *See* 28 U.S.C. § 1332.

11.     Removal is proper pursuant to 28 U.S.C. § 1441, in that there is a sufficient

basis that the jurisdictional amount in controversy could be met.  The Court must apply

28 U.S.C. § 1441, as amended.  This section now provides:

> (2)     If removal of a civil action is sought on the basis of the jurisdiction
> conferred by section 1332(a) [28 U.S.C. § 1332(a)], the sum demanded
> in good faith in the initial pleading shall be deemed to be the amount
> in controversy, except that –
>
> > (A)     the notice of removal may assert the amount in controversy if
> > the initial pleading seeks –
> >
> > > (i)     nonmonetary relief; or
> > >
> > > (ii)    a money judgment, but the State practice either does not
> > > permit demand for a specific sum or permits recovery
> > > of damages in excess of the amount demanded; and
> >
> > (B)     removal of the action is proper on the basis of an amount in
> > controversy asserted under subparagraph (A) if the district
> > court finds, by the preponderance of the evidence, that the
> > amount in controversy exceeds the amount specified in Section
> > 1332(a) [28 U.S.C. § 1332(a)].

Accordingly, because Plaintiff seeks unspecified damages for his causes of action, removal

is proper "if the district court finds, by the preponderance of the evidence, that the amount

in controversy exceeds" the jurisdictional amount.  *Id.*

12.     In its determination of removability, a district court may make "reasonable

deductions, reasonable inferences, or other reasonable extrapolations from the pleadings

to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1061-1062 (11th Cir. 2010) (citation and quotation marks omitted). "Put simply, a district court need not suspend reality or shelve common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062 (citations and quotation marks omitted). A District court must independently recognize the value of a claim, rather than rely on the plaintiff's representations. *Id.* at 1064. Further, with regard to a claim for punitive damages, the Court is free to use "judicial experience and common sense." *Shepherd v. State Farm Fire and Casualty Company*, 2012 U.S. Dist. LEXIS 105665 (N.D. Ala., July 30, 2012) (Coogler, J.) (*quoting Roe, supra,* at 1064).

13.     In the Complaint, Plaintiff seeks an indeterminate amount in damages pursuant to his claims of negligence or wantonness. Therefore, when all of the above are taken into account and combined with Plaintiff's allegations and claims for compensatory and punitive damages, the jurisdictional amount in controversy is satisfied. *See Shepherd, supra* at *6-9 (finding by a preponderance of the evidence that more than $75,000 was in controversy where under the insurance contract $38,549.19 at a minimum was in controversy and where plaintiff requested damages for punitive damages among other requests for damages). *See also Overton v. Wyeth*, 2010 U.S. Dist. LEXIS 145143, *4 (S.D. Ala., Oct. 29, 2010) (holding that plaintiff's allegation implying injuries could have been prevented was a relevant factor in assessing the amount in controversy); *Seckel v. Travelers Hone & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582, *5 (N.D. Ala., Jan. 29, 2013) (holding

that although plaintiff only claimed specific damages of $26,430, the unspecified damages plaintiff sought for emotional distress and unjust enrichment allowed defendant to meet the amount in controversy requirement).

14.     Here, considering the nature of the accident and the alleged injuries, loss of income and future loss of income suffered by the Plaintiff, there is no doubt that the amount in controversy exceeds the required minimum amount in controversy.  Moreover, the fact that Plaintiff is seeking an unspecified amount of punitive damages in addition to the above compensatory damages, further evidence that the jurisdictional amount in controversy is satisfied.

## II.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET.

15.     Defendants have filed no pleadings or papers in this action in the state court and the Defendant is required by state law to answer or plead to Plaintiff's Complaint has not expired.  This action is being removed pursuant to 28 U.S.C. § 1446(a) and (b).

16.     A true and correct copy of this Notice of Removal shall be filed with the Clerk of the Circuit Court of Escambia County, in accordance with 28 U.S.C. § 1446(d).

17.     As set forth above, diversity of citizenship exists between the parties and, thus, pursuant to 28 U.S.C. §§ 1332, 1441 AND 1446, this case is removed to this Court.

WHEREFORE, the premises considered, Defendants pray that this action be removed from the Circuit Court of Escambia County, Alabama, to this Honorable Court.

Respectfully submitted this 20th day of July, 2017.

      /s/ David E. Allred

DAVID E. ALLRED (ASB-3233-A40D)
**Attorney for Defendants Robert A. Ortensie**
**and Prewitt and Son Trucking Company**

OF COUNSEL:

ALLRED & ALLRED, P.C.
7030 Fain Park Drive, Suite 9
Montgomery, Alabama   36117
Telephone:   (334) 396-9200
Facsimile:     (334) 396-9977
E-Mail:         dallred@allredpclaw.com
                     callred@allredpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 20th day of July, 2017, electronically filed the foregoing pleading with the Clerk of the Circuit Court using the AlaFile system, which will send notification of such filing to:

Warner O. Hornsby, Esq.
Evan G. Allen, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
  PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL  36103-4160
Warner.Hornsby@beasleyallen.com
Evan.Allen@beasleyallen.com

      /s/ David E. Allred

DAVID E. ALLRED (ASB-3233-A40D)