# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ANTHONY THOMPSON,** | * |
| **Plaintiff,** | * |
| vs. | * CIVIL ACTION NO. 17-00333-B |
| **ROBERT A. ORTENSIE,** *et al.*, | * |
| **Defendants.** | * |

## REPORT AND RECOMMENDATION

This action, which was referred pursuant to 28 U.S.C. § 636(b)(1)(B), is before the Court on Plaintiff's Motion for Default Judgment Against Defendants Robert A. Ortensie and Prewitt and Son Trucking (Doc. 5) and Defendants' response in opposition (Doc. 7). Upon review, the undersigned recommends that Plaintiff's motion be **denied.**

Plaintiff Anthony Thompson commenced this action against Defendants Robert A. Ortensie and Prewitt & Sons Trucking Company in the Circuit Court of Escambia County, Alabama. (Doc. 1-1). Defendants removed the action to this Court on July 20, 2017. (Doc. 1). In an order entered on August 21, 2017 (Doc. 3), the Court observed that the state court documents filed along with Defendants' Removal Notice indicate that Defendants were served by certified mail on June 26, 2017 and June 28, 2017 respectively (Doc. 1-1 at 18, 20); however, no answer or other response had been filed on behalf of either Defendant. As a

result, Plaintiff was directed to show cause by August 31, 2017 why he has not filed a motion for entry of default. (Doc. 3). On August 31, 2017, Plaintiff filed the instant motion seeking a default judgment against Defendants.[1] (Doc 5). On September 1, 2017, Defendants filed their response in opposition to Plaintiff's motion. According to defense counsel, the failure to file timely respond to Plaintiff's complaint was the result of oversight as he did not have the proper PACER setting in order to ensure that his staff would also get notice of pleadings in this case and calendar them. Defense counsel asserts that Defendants' response (and attached answer) were filed within hours of receiving Plaintiff's motion.

The undersigned notes as a preliminary matter that Plaintiff is not requesting a Rule 55(a) Clerk's Entry of Default; rather, he has moved for default judgment pursuant to Rule 55(b). "These are separate steps which a plaintiff may neither skip nor merge into one." Auto-Owners Ins. Co. v. Broad South Commc'ns, Inc., 2017 U.S. Dist. LEXIS 37482, *4 (S.D. Ala. Mar. 15, 2017)(citing Ramada Franchise Sys., Inc. v. Baroda Enters., LLC, 220 F.R.D. 303, 304 (N.D. Ohio 2004). Under Rule

---

[1] According to Plaintiff's counsel, he was planning to file Plaintiff's initial disclosures rather than a motion for a default judgment to afford defense counsel an additional opportunity to file Defendants' answer, but did not do so because the Court issued the show cause order. (Doc. 6).

55, a party seeking a default judgment must first file an application for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party. Auto-Owners Ins. Co., 2017 U.S. Dist. LEXIS 37482 at *4. In this case, Plaintiff has attempted to skip step one altogether and proceed directly to step two, in contravention of the Rule 55 procedural framework. Because Plaintiff has not requested the entry of default, and the Clerk has not entered a default, Plaintiff is not entitled to a default judgment under Rule 55.

Moreover, even were Plaintiff's motion for a default judgment liberally construed as a motion for entry of default, the undersigned finds that default is not appropriate under the facts of this case. Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "Good cause is not susceptible to a precise formula," and courts consider whether (1) the default was

3

willful, (2) setting aside the default would prejudice the other party, (3) the defaulting party presents a meritorious defense, and (4) whether the defaulting party acted promptly to correct the default.  An entry of default may be set aside for "good cause."  Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).

In this case, there is no assertion that Defendants' failure to timely respond to Plaintiff's complaint was willful, that entry of default would prejudice Plaintiff or that Defendants do not have a meritorious defense.  Indeed, the docket reflects that Defendants timely removed this action from state court to this Court, that following the issuance of the Court's show cause order, Plaintiff filed a motion for default judgment, and the next day, Defendants filed a response and attached answer, and that the delay in filing Defendants' answer or other response occurred due to defense counsel's oversight.  Considering the circumstances and the fact that a default judgment "is a drastic remedy which should be used only in extreme situations," Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985), the Court concludes that, even if Plaintiff was entitled to default based on Defendants' delay in filing their answer, Defendants have shown good cause for setting aside any default.  Accordingly, the undersigned recommends that Plaintiff's request for default be **denied.**

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed. R. Civ. P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **6th** day of **September, 2017.**

                                                                                     /s/ SONJA F. BIVINS
                                                                 **UNITED STATES MAGISTRATE JUDGE**