# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0333-WS-B |
| | ) |
| ROBERT A. ORTENSIE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This removal action was recently transferred to the undersigned's docket. It now comes before the Court *sua sponte* on preliminary review of the Notice of Removal (doc. 1) and exhibits filed by defendants, Robert A. Ortensie and Prewitt and Son Trucking Company.

In light of its narrowly circumscribed jurisdiction, this Court bears an affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may be lacking. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.") (citation and internal quotation marks omitted).[1] The Notice of Removal filed by Ortensie and Prewitt predicates federal jurisdiction exclusively on the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000." *Underwriter's at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) (citations omitted). Of course, it is defendants' burden (as the parties invoking federal jurisdiction) to demonstrate the existence of § 1332 jurisdiction, including the requisite amount in controversy. *See Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014) ("We have repeatedly held that the removing party bears the burden of proof

---

[1] *See also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (similar); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum."). To meet this burden, defendants must show either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted). What defendants may not do, however, is resort to "conjecture, speculation, or star gazing" to satisfy the $75,000 threshold. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Upon review of the Notice of Removal, the Court has reservations about the adequacy of defendants' legal and factual showing as to the amount-in-controversy requirement, as summarized in the foregoing authorities. Defendants rely on vague allegations in the Complaint that the plaintiff, Anthony Thompson, "suffered bodily injuries," "suffered physical pain," sought "medical treatment," and "incurred medical expenses," and that Thompson seeks punitive damages. Such a threadbare showing tells the Court essentially nothing about the nature and extent of Thompson's physical injuries (did he suffer a nick and a bruise, broken bones and damaged organs, or something else altogether? Were these injuries transitory or permanent? Is Thompson impaired in any way?) and likely compensatory damages, and appears to reduce to a legally incorrect statement that the § 1332 amount-in-controversy threshold is satisfied simply because the plaintiff has asked for punitive damages. *See, e.g., Crocker v. Lifesouth Community Blood Centers, Inc.*, 2016 WL 740296, *3 (S.D. Ala. Feb. 23, 2016) ("a claim for punitive damages in a negligence / wantonness case does not automatically, necessarily vault the amount in controversy over the § 1332 jurisdictional threshold").

Accordingly, the following briefing schedule (confined to jurisdictional issues relating to the amount in controversy) is entered: Plaintiff must file a memorandum of law, supported by legal authority as appropriate, on or before **September 28, 2017**, setting forth his position as to whether the amount-in-controversy requirement is satisfied. Defendants will be allowed until **October 5, 2017** to file a response. If the Court determines that oral argument is appropriate, the parties will be notified and a hearing will be scheduled. Otherwise, the jurisdictional issue will be taken under submission after **October 5, 2017**.

DONE and ORDERED this 14th day of September, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE