**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY THOMPSON,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **CIVIL ACTION 17-0333-WS-B** |
| | **)** | |
| **ROBERT A. ORTENSIE,** *et al.*, | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

**ORDER**

This matter comes before the Court *sua sponte*. On September 14, 2017, the undersigned entered an Order (doc. 12) raising questions as to the existence *vel non* of federal subject matter jurisdiction as described in defendants' Notice of Removal (doc. 1). The parties have now briefed the particular jurisdictional issue raised in the September 14 Order.

**I.     Background.**

Plaintiff, Anthony Thompson, brought this action in Escambia County Circuit Court against named defendants, Robert A. Ortensie and Prewitt and Son Trucking Company. The well-pleaded factual allegations of the Complaint reflect that Thompson's claims arise from an automobile accident that occurred on September 22, 2016. In particular, the Complaint alleges that both Thompson and defendant Ortensie (as an employee of defendant Prewitt) were operating commercial trucks on Interstate 65 when Ortensie's vehicle collided with Thompson's trailer. The Complaint further alleges that the accident was the product of negligent and/or wanton conduct by defendant Ortensie in operating his commercial truck, in the form of failing to maintain a proper lookout, failing to yield the right of way, failing to maintain a reasonable distance between vehicles, failing to maintain a reasonable speed, and violating the Alabama Rules of the Road Act in unspecified ways. No further detail about Ortensie's acts or omissions, or the circumstances, nature or severity of the accident is set forth in Thompson's pleading. Thompson contends that defendant Prewitt may be held liable for Ortensie's conduct under a theory of respondeat superior.

The Complaint includes only non-specific, indeterminate allegations about Thompson's injuries and damages. No particular amount of damages is demanded, with Thompson instead pleading only that he seeks "an amount of compensatory damages as a jury may award," plus "a separate amount of punitive damages" for the wantonness cause of action. As to injuries, the entirety of the pleading's description of Thompson's alleged compensable losses is as follows:

> "Mr. Thompson suffered bodily injuries; he suffered physical pain and suffering and will continue to suffer physical pain in the future; he was required to seek medical treatment; he has incurred medical expenses and will continue to incur medical expenses in the future; and he has otherwise been injured or damaged."

(Doc. 1-1, ¶¶ 15, 21.) The Complaint does not characterize the nature, degree or severity of Thompson's past, present or future physical injuries, medical treatment or expenses.

Based on these allegations in the Complaint, defendants filed a Notice of Removal (doc. 1) in this District Court, removing this action to federal court. In so doing, defendants predicated subject matter jurisdiction exclusively on the diversity provisions of 28 U.S.C. § 1332. Some time after removal, the case was transferred to the undersigned's docket on September 6, 2017. (*See* doc. 11.) Upon preliminary review of the file, the undersigned entered an Order (doc. 12) on September 14, 2017 directing the parties to brief the question of amount in controversy for purposes of enabling the Court to explore whether diversity jurisdiction properly lies here. The parties have now submitted the requisite memoranda. (*See* docs. 13, 17.)

## II. Analysis.

Pursuant to § 1332, federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000.") (citations omitted). "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction … [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citations omitted).

As the removing parties, Ortensie and Prewitt bear the burden of showing by a preponderance of the evidence that the amount-in-controversy threshold is satisfied. *See Dudley*

*v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014) ("We have repeatedly held that the removing party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum."). That said, defendants are "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Rather, Ortensie and Prewitt may meet their burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted). What defendants may not do, however, is resort to "conjecture, speculation, or star gazing" to show that the jurisdictional threshold is satisfied. *Pretka*, 608 F.3d at 754. In evaluating the sufficiency of a removing defendant's jurisdictional showing, courts need not "suspend reality or shelve common sense," but instead "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

Addressing the jurisdictional concerns expressed in the September 14 Order, defendants eschew the "additional evidence" prong of *Roe*, and instead stake themselves to the position that an amount in controversy exceeding $75,000 is "apparent from a review of the Complaint itself." (Doc. 17, at 3.) In support of this stance, Ortensie and Prewitt posit that Thompson "seeks a broad array of both compensatory and punitive damages," and that the Complaint demonstrates "that his injuries were not trivial" because claims for bodily injury, pain and suffering and past and future medical treatment "are non-trivial claims." (*Id.* at 3-4.) Defendants also point to the punitive damages component of the wantonness claim, and the inclusion of claims against both Ortensie (the driver) and Prewitt (Ortensie's employer). (*Id.* at 4.) Finally, defendants contend that the amount in controversy is satisfied "because the Plaintiff has not stipulated that he will not seek nor will he accept more than $75,000 upon the trial of this case." (*Id.*)

Upon careful consideration of defendants' arguments and the allegations on the face of the Complaint, the Court concludes that Ortensie and Prewitt have not shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000. Although defendants insist that Thompson's "injuries were not trivial," the Court has no information before it to make such an assessment. The Complaint says nothing about the type or severity of injuries Thompson received. The allegation in the Complaint is not

that Ortensie's truck struck Thompson's truck, but rather that it collided with Thompson's trailer. From plain-vanilla statements that Thompson "suffered bodily injuries" causing him to suffer pain in the past and future, and that Thompson received medical treatment and will incur medical treatment in the future, the Court is able to draw no meaningful conclusions about whether Thompson's injuries were "trivial" or not, much less whether they are sufficiently severe to implicate an amount in controversy in excess of $75,000. To be sure, courts may use judicial experience and common sense in determining whether the minimum amount in controversy is satisfied. But defendants have come forward with virtually no facts to which that judicial experience and common sense may be applied in this case. As a result, any determination by this Court that Thompson's injuries are sufficiently serious to trigger § 1332's amount-in-controversy threshold would be speculative and improper.[1]

Nor does Thompson's wantonness claim, in and of itself, render the amount in controversy in excess of $75,000. Without question, a "plaintiff's claim for punitive damages is properly considered in the evaluation of whether defendants have shown that the amount in controversy exceeds $75,000. But there is nothing talismanic about such a demand that would *per se* satisfy the amount-in-controversy requirement and trigger federal subject-matter jurisdiction." *Crocker v. Lifesouth Community Blood Centers, Inc.*, 2016 WL 740296, *3 (S.D. Ala. Feb. 23, 2016) (citations omitted).[2] What is it about Thompson's particular demand for

---

[1]     Thompson's Complaint is similar to that in *Cox v. Auto Owners Ins. Co.*, 2017 WL 4453334 (M.D. Ala. Oct. 5, 2017). In that case, which also involved an automobile accident, the court observed that the complaint was devoid of "any allegations from which one could draw any reasonable inference regarding the extent of damages. For example, it is not possible to discern from the complaint the extent of damages to Cox's vehicle. Similarly, the extent of Cox's physical injuries is left entirely to speculation. It is impossible to determine from the face of the complaint exactly what those damages encompass." *Id.* at *2. The *Cox* court concluded that "[d]ue to the lack of any factual detail in the complaint indicating the extent of damages at issue, the court cannot simply assume that the amount in controversy in this case exceeds the jurisdictional minimum." *Id.* at *3. The same conclusion is warranted here.

[2]     Footnote 3 in the *Crocker* opinion collects authorities showing that lower courts in this Circuit have routinely embraced the proposition that a punitive damages claim does not necessarily equate to an amount in controversy exceeding $75,000. *See also Vanterpool v. Amazon.com.Dedc, LLC*, 2017 WL 2609551, *3 (M.D. Fla. June 16, 2017) ("a mere request for punitive damages … does not merit a finding that the amount in controversy has been met"); *Benton v. Safeway Ins. Co. of Alabama*, 2017 WL 2374725, *3 (M.D. Ala. May 11, 2017) ("Due to the lack of any factual detail in the complaint indicating the … reprehensibility of Safeway's (Continued)

-4-

punitive damages that renders its value so substantial as to surpass the amount-in-controversy threshold?  Defendants do not say.  Indeed, defendant Ortensie's conduct alleged in the Complaint to have been wanton (*i.e.*, failing to maintain a proper lookout, failing to maintain a reasonable distance, etc.) is presented in only the broadest of strokes.  No specific facts are provided to suggest that Ortensie's alleged actions were or might have been so egregious or reprehensible to support a substantial punitive damages demand.  Simply put, the removing defendants have made no showing as to the amount of punitive damages at stake that might allow this Court to estimate the value of Thompson's claims without engaging in unvarnished conjecture.

Finally, defendants assert that Thompson has not stipulated that he will neither seek nor accept more than $75,000 in damages in this case.  However, that fact, without more, does not suffice to meet defendants' burden of proving that the requisite amount in controversy is satisfied here to support § 1332 jurisdiction.  Defendants do not suggest that they ever asked Thompson to stipulate to the amount in controversy, much less that he has refused to do so.  There appears to be no outright refusal here.  Even if defendants had shown such a refusal to stipulate, binding precedent deems such a refusal to be insufficient to establish the amount in controversy for jurisdictional purposes.  *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("Although the notice of removal clearly asserts that the jurisdictional requirement is satisfied, the only fact alleged in support of that assertion is that Williams refuses to stipulate that her claims do not exceed $75,000.  There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue.").[3]

---

alleged conduct for the purpose of ascertaining punitive damages, the court declines to … hazard a guess on the jurisdictional amount in controversy.") (citation omitted); *Raspberry v. A.L. Smith Trucking, Inc.*, 2016 WL 6833745, *4 (N.D. Ala. Nov. 21, 2016) (finding the amount-in-controversy threshold not satisfied in automobile accident case where "the complaint provides no clue as to the alleged wantonness or recklessness of Mazingo's conduct," such that "the court could do no more than guess as to the value of any punitive damages that might be awarded").

[3]    *See also Cox*, 2017 WL 4453334, at *3 ("The mere fact that Cox has declined to stipulate to less than $75,000.00 in damages is insufficient for the court to conclude that it is more likely than not that his damages exceed that amount."); *Collinsworth v. Big Dog Treestand, Inc.*, 2016 WL 3620775, *5 (S.D. Ala. June 29, 2016) (opining that defendant's emphasis on (Continued)

To accept defendants' reasoning would be tantamount to concluding that the amount-in-controversy threshold is satisfied in every case involving an automobile accident where (i) the plaintiff claims to have suffered injuries that may have some lingering future effect; (ii) the plaintiff has brought a wantonness claim, raising the specter of punitive damages; and (iii) the plaintiff has not unilaterally stipulated to a $75,000 damages cap at trial. The Court is aware of no authorities that have so held, and the spirit of the Eleventh Circuit guidance discussed *supra* is to the contrary.

## III. Conclusion.

Simply put, Ortensie and Prewitt have not met their burden of showing that the § 1332 amount-in-controversy requirement is satisfied. It is not facially apparent from Thompson's Complaint that the amount in controversy exceeds $75,000. Moreover, defendants have pointed to no additional evidence demonstrating that removal is proper. On this record, defendants have not demonstrated that it is more likely than not that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Accordingly, and in light of the legal requirements that diversity jurisdiction be strictly construed and that all doubts be resolved in favor of remand, the Court finds that removal was improvident. This action is **REMANDED** to the Circuit Court of Escambia County, Alabama for want of federal jurisdiction.

DONE and ORDERED this 23rd day of October, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

plaintiffs' failure to stipulate to damages below $75,000 was "misplaced" because irrespective of "[w]hether Plaintiffs stipulate, the burden of establishing the propriety of removal rests with Defendant"); *Cottrell v. Blue Valley Apartments, Inc.*, 2015 WL 4635414, *4 (M.D. Ala. Aug. 3, 2015) ("The Eleventh Circuit … has squarely rejected the proposition that the plaintiff's refusal to stipulate to damages establishes the amount in controversy."); *Hopkkins v. Eastman Outdoors, Inc.*, 2014 WL 5107022, *2 (S.D. Ga. Oct. 10, 2014) ("As a preliminary matter, a plaintiff's refusal to stipulate that the total value of his damages is less than $75,000.00, by itself, is inadequate to prove the amount in controversy.").